IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROSIE LEE WATSON NATHAN,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 06-0385-CG-B** |
| ) | |
| **LOLIA WATSON, ALBERT JAMES** ) | |
| **WATSON, II, MONEKA WATSON,** ) | |
| **YOLANDA WATSON, ALBERT JAMES** ) | |
| **WATSON, III, AND OPHELIA WATSON** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER**

    This cause is before the court on motion by plaintiff to remand (Doc. 3). Upon consideration of all matters presented, and for the reasons stated herein, plaintiff's motion to remand is due to be **GRANTED**

**I.    BACKGROUND**

    On December 15, 2005, plaintiff, Rosie Lee Nathan, filed a complaint against the defendants in the Circuit Court of Mobile County, Alabama. (Doc. 1-1, Ex. A-1 at 5). Plaintiff's complaint seeks the partition of certain land and a sale whereby the proceeds will be divided among the joint owners. (Id. at 7). Plaintiff is a resident citizen of Mobile County, Alabama. (Id. at 5). "Defendants, Lolia Watson, Moneka Watson and Albert James Watson, III, are resident citizens of Mobile County, Alabama. The remaining defendants are residents of the State of Ohio." (Id.). Defendant, Albert James Watson, II, removed plaintiff's action to this

court by filing a pro se notice of removal alleging that this court possesses subject matter jurisdiction based upon diversity of citizenship. (Doc. 1-1). In response to the defendant's motion to grant removal, plaintiff has filed an opposition, which this court construes as a motion to remand the case back to the Circuit Court of Mobile County, Alabama. (Doc. 3).

## II.    GOVERNING STANDARD

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Wymbs v. Republican State Executive Comm., 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377. A removing defendant bears the burden of establishing federal court jurisdiction by a preponderance of the evidence. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1288 n.4 (11th Cir. 1998); Burns, 31 F.3d at 1094. Because removal infringes state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (stating that strict construction of removal statutes derives from "significant federalism concerns"). In the event plaintiff is able to raise any doubt with regard to the propriety of removal, then that doubt must be resolved in favor of remand. Burns, 31 F.3d at 1095; see also Jerido v. Am. Gen. Life and Accident Ins. Co., 127 F.Supp.2d 1322, 1324 (M.D. Ala. 2001) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

There being no federal question presented in the complaint, defendant premises removal on diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil action between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." Id. See Triggs, 154 F.3d at 1287. Section 1332 contemplates and demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337 (11th Cir. 2002); Triggs, 154 F.3d at 1287; Halleran v. Hoffman, 966 F.2d 45 (1st Cir. 1992) ("Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants.").

### III.   ANALYSIS

Plaintiff contends that removal is improper because complete diversity between the plaintiff and all of the defendants is lacking. (Doc. 3 at 1). As stated supra, "Defendants, Lolia Watson, Moneka Watson and Albert James Watson, III, are resident citizens of Mobile County, Alabama." (Doc. 1-1, Ex. A-1 at 5). Moreover, plaintiff notes that the Sheriff of Mobile County, Alabama, personally served Alabama defendants Moneka Watson and Lolia Watson. (Id., Exs. A, B). "In order to sustain jurisdiction based on diversity of the parties, there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." Williams v. Conseco, Inc., 57 F. Supp. 2d 1311, 1315 (S.D.Ala. 1999) (citations omitted). From the pleadings, the court concludes that complete diversity between the plaintiff and all of the defendants is lacking. Accordingly, plaintiff's motion to remand this case to the Circuit Court of Mobile, Alabama is due to be granted.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**.

**DONE and ORDERED** this 17th day of August, 2006.

                                                /s/ Callie V. S. Granade
                                                CHIEF UNITED STATES DISTRICT JUDGE